USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

ELORY FLORES, et al.,

                              Plaintiffs,

            -against-

CHIRPING CHICKEN NYC INC. (d/b/a
CHIRPING CHICKEN), et al.,

                              Defendants.

----------------------------------------------------------------

14cv1594 (TPG) (DF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE THOMAS P. GRIESA, U.S.D.J.:**

By Order dated March 23, 2016 (the "3/23/16 Order") (Dkt. 52), a copy of which is attached hereto, this Court granted a request by Michael P. Giampilis, Esq. ("Giampilis"), of the Law Offices of Michael P. Giampilis, PC, for leave to withdraw from representing defendant Kalli Karalexis ("Karalexis") in this action, on the ground that, according to Giampilis, Karalexis had instructed him to discontinue representing her because she no longer wished to defend herself in the case. In that same Order, this Court directed Karalexis to write to the Court's *Pro Se* Office by April 8, 2016, to confirm whether she in fact wished to abandon any defense of this action. (*Id.*) This Court informed Karalexis that, if the Court did not hear from her by that date, then it would assume that she intended to abandon any defense of this case. (*Id.*) Further, despite relieving counsel, this Court directed Giampilis to make best efforts to reach out to Karalexis for the purposes of translating the Court's 3/23/16 Order into Greek for her, to ensure that she understood the Order's contents. (*Id.*)

To date, the Court has received no communication from Karalexis in response to its 3/23/16 Order, and, in light of this, Plaintiffs have now requested that the Court find Karalexis in default. (*See* Letter to the Court from Joshua S. Androphy, Esq., dated Apr. 15, 2016 (Dkt. 53).)

Under the circumstances, and given that (a) as set out in the Court's 3/23/16 Order, this Court had previously cautioned Karalexis, in person, of the risk that she could face a default judgment should she fail to participate in these proceedings, and (b) this Court again explicitly warned Karalexis of this risk in the 3/23/16 Order, I hereby recommend that Karalexis be found to be in default, and that Plaintiffs be granted leave to move for a default judgment against her.

Dated: New York, New York
April 20, 2016

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Plaintiffs' counsel (via ECF)

Ms. Kalli Karalexis
19-42 75th Street
Flushing, NY 11370

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/16
```

ELORY FLORES, et al.,

                Plaintiffs,

-against-

CHIRPING CHICKEN NYC INC. (d/b/a
CHIRPING CHICKEN), et al.,

                Defendants.

14cv1594 (TPG) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    Plaintiffs in this action, as former delivery workers of an apparently now-closed "Chirping Chicken" restaurant (the "Restaurant"), have asserted wage claims against the owner of the Restaurant, defendant Kalli Karalexis ("Karalexis"), under the Fair Labor Standards Act and New York Labor Law. Currently before this Court are two applications: (1) a request by Plaintiffs for a pre-motion conference to address an alleged failure by Karalexis to produce existing records that, according to her deposition testimony, reflect the names of all of the Restaurant's delivery workers and the payments made to those employees (*see* Letter from Joshua S. Androphy, Esq., dated Feb. 10, 2016 (Dkt. 50)), and (2) a request by Karalexis's counsel, Michael P. Giampilis, Esq. ("Giampilis"), of the Law Offices of Michael P. Giampilis, PC, for a pre-motion conference to seek leave to withdraw from representing Karalexis in this action, on the ground that Karalexis has instructed counsel to discontinue representing her because she no longer wishes to defend herself in the case (*see* Letter from Michael P. Giampilis, Esq., dated Mar. 14, 2016 (Dkt. 51)). As addressed by the Court at a telephone conference with both counsel on March 17, 2016, these applications are resolved as follows:

1.	In light of the representations made by Giampilis regarding his client's instructions that he discontinue representing her, this Court will construe Giampilis's March 14 letter (Dkt. 51) as a motion to withdraw and hereby GRANTS that motion. The Clerk of Court is directed to record on the Docket the termination of Giampilis's representation of defendant Karalexis in this action.

2.	Notwithstanding paragraph 1, above, Giampilis is directed to provide Karalexis immediately with a copy of this Order. In addition, given that English is apparently not Karalexis's first language, and that Giampilis has indicated an ability to communicate with her in Greek, Giampilis is further directed to make best efforts to reach out to Karalexis promptly for the purpose of translating this Order to her, so as to ensure that she understands its contents.

3.	At a previous in-person conference held by this Court, at which Karalexis was present (*see* Dkt. 47 and minute entry of Aug. 14, 2015), this Court explained to Karalexis that, should she decide to proceed in this case *pro se* (in other words, should she decide to represent herself, without an attorney), she would be required to appear when instructed to do so, and to comply with all Court-set deadlines and all rules governing proceedings in the Court, including those rules requiring cooperation in the discovery process. At that time, this Court also cautioned Karalexis that, should she fail to cooperate in discovery or otherwise to defend the action, she could be sanctioned, including by the entry of a default judgment against her. In light of these cautions, and given Giampilis's representation to the Court that, to his understanding, Karalexis no longer wishes to defend against Plaintiffs' claims, <u>Karalexis is directed to write to the Court, no later than **April 8, 2016**, to confirm whether she in fact wishes to abandon any defense of this action (potentially resulting in a default judgment against her), or whether she wishes to continue to defend herself *pro se* in this case</u>. Karalexis should direct this submission

2

to the Court's *Pro Se* Office, at 500 Pearl Street, Room 230, New York, NY 10007. <u>Karalexis is cautioned that, if the Court receives no communication from Karalexis by April 8, it will assume that she is abandoning any defense of this case.</u>

4. Plaintiffs' request for a pre-motion discovery conference regarding Karalexis's purported failure to produce documents (Dkt. 50) is DENIED, without prejudice to renew after April 8, 2016, should Karalexis inform the Court that she wishes to proceed to defend herself *pro se*.

5. If Karalexis *does* wish to defend herself *pro se*, then she is urged to contact the *Pro Se* Office, at any point during the remainder of the litigation, if she needs assistance in understanding any of the procedural rules of this Court. The telephone number for the *Pro Se* Office is (212) 805-0175. If Karalexis wishes to defend the action with the assistance of counsel, but can no longer afford to retain an attorney, then she may request that the *Pro Se* Office provide her with a form by which she may apply to the Court to seek an attorney to represent her without charge. Before the Court will consider such an application, though, Karalexis would need to submit a financial affidavit, demonstrating that she is no longer able to afford to pay an attorney.

5. Based on the rulings herein, the Clerk of Court is directed to close the open motions shown on the Docket at Dkt. 50 and 51, and, as set out above (*see* paragraph 1), to record the termination of Giampilis's representation of defendant Karalexis.

Dated: New York, New York
      March 23, 2016

                                          SO ORDERED

                                          DEBRA FREEMAN
                                          United States Magistrate Judge

Copies to:

All parties (via ECF)